WR-82,402-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/15/2015 7:28:52 AM
Accepted 6/15/2015 9:35:39 AM
ABEL ACOSTA
CLERK

No. WR-82,402-01

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

RECEIVED
COURT OF CRIMINAL APPEALS
6/15/2015
ABEL ACOSTA, CLERK

**Ex parte Shahram Shakouri**

Applicant

*Habeas Corpus* Proceeding under Article 11.07, *et seq.*, C.Cr.P., in Case Number W219-80595-07-HC from the 219th District Court of Collin County

---

# Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Shahram Shakouri, Applicant in the above styled and numbered cause, by and through John G. Jasuta, his undersigned lead counsel, and respectfully files this "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues," and would show the Court that on June 8, 2015, the *habeas* court entered its findings of fact and conclusions of law, although they do not appear to have been forwarded to this Court.

The undersigned received the *habeas* court's findings and conclusions on June 8, 2015. On June 15, 2015, within 10 days

of his receipt of the findings and conclusions, the undersigned filed, on behalf of Applicant, objections to the *habeas* court's Findings of Fact and Conclusions of Law in that court. A true and correct copy of Applicant's objections are attached as Exhibit "1" to this document. Applicant would show the Court that the findings and conclusions at issue are not supported by the *habeas* record and fail to properly apply the law relating to the allegations made and the evidence proffered.

## Prayer

WHEREFORE PREMISES CONSIDERED, Appellant prays this Honorable Court to grant this request in all things and stay all proceedings in this Court pending the convicting court's resolution of his objections. Additionally, in the event that the convicting court refuses to withdraw its findings and conclusions, the undersigned requests the Court to consider his objections when ruling on the merits of this case.

Respectfully submitted,

**John G. Jasuta**
Attorney at Law
1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282
eMail: lawyer1@johnjasuta.com

State Bar Card No. 10592300

Attorney for Shahram Shakouri

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 332 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 15, 2015, a true and correct copy of the above and foregoing "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues" was transmitted via the eService function on the State's eFiling portal, to John Rolater, Jr. (jrolater@co.collin.tx.us), counsel for the State of Texas.

**John G. Jasuta**

3

# Exhibit "1"



EX PARTE § IN THE DISTRICT COURT

§

§ 219th JUDICIAL DISTRICT

§

SHAHRAM SHAKOURI § COLLIN COUNTY, TEXAS

## Applicant's Objections to the *Habeas* Court's Findings of Fact and Recommendation

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Shahram Shakouri, Applicant in the above styled and numbered cause, by and through his undersigned attorneys, John G. Jasuta and David A. Schulman, and respectfully files these objections to the to *habeas* court's findings and recommendation, and would respectfully show the Court as follows: Applicant's *habeas corpus* application and memorandum in support were filed with the District Clerk for filing on July 2, 2012. On April 3, 2012, the *habeas* court entered an Order Designating Issues. The State filed its answer to the application on August 18, 2014. On June 8, 2015, the *habeas* court entered its "Findings of Fact and Recommendation," a copy of which was received by the

undersigned via eMail on that date.  Pursuant to Rule 73.4(b)(2),[1] Tex.R.App.Pro., these objections are timely if mailed or filed with the District Clerk by June 18, 2015.

I

## **<u>General Objections</u>**

Applicant's *habeas corpus* application states facts which, if true, would entitle him to relief.  Applicant would show that the *habeas* court's findings and recommendation are not based on live testimony taken at an evidentiary hearing, despite disputed fact issues which were more appropriately resolved through such a forum, especially given the time under consideration.

Any findings made without a live evidentiary hearing necessarily requires credibility determinations made upon evidence taken without confrontation or cross examination and without the judicial observation attendant to that choice. Credibility choices made without live examination but, instead, upon prior judicial or legal relationships, act to insulate those who routinely practice before the Court and create a non-level playing

---

[1] "A party has ten days from the date he receives the findings to file objections, but the trial court may, nevertheless, transmit the record to the Court of Criminal Appeals before the expiration of the ten days."

2

field. It is for this reason that the credibility choices, and all findings and recommendations which rest, even in part, upon such flawed credibility choices, must be re-examined. In that the entirety of the findings entered by this Court, except for those factual findings supported by the record, rest upon credibility choices made without resort to live evidence, subject to cross examination, Applicant objects generally to all.

Each and every finding relating to ineffective assistance of counsel, from Finding 8 through Finding 36, relies on nothing but counsel's affidavit, fails to discuss the internal inconsistencies within the affidavit of counsel, and has been made without regard to any allegation of fact, except those made by trial counsel in his affidavit.

II

## **Specific Objections**

### **Findings Related to Applicant's First Ground for Relief**

A

Applicant objects to Findings of Fact numbers 8 through 14 specifically because they are the product of an acceptance of a self-serving affidavit without Applicant having been afforded the

opportunity to examine the maker of that affidavit in open court. In Finding numbers 9 and 10 it is recognized that Applicant proclaimed his innocence, but neither those findings or any others, explain how the failure to file a motion to suppress, and gain examination of the maker of the affidavit, assisted rather than hindered Applicant.

In Finding 14 the *habeas* court finds, *sub silentio*, that counsel made a strategic choice to "forego challenging the warrant and instead act to prove Applicant did not commit the acts," but such a choice, were it made, is *per se* unreasonable because the "choice" did not have to be made as neither had to be foregone to proceed on the other. Given Applicant's recognized assertions, any making of the choice was deficient conduct. Finding 14 is spurious and unsupported by the record or logic.

B

Findings 15 through 19 are also based on a credibility choice made through association and not examination of the facts of this case. Finding 19 is a prime example, finding that Applicant has produced no evidence to show that the lawyer is not acting unreasonably, when counsel was not subjected to any

4

interrogating technique other than requiring the placing by the attorney alone, of his own untested memories on paper with an eye to avoidance of the claim of ineffective assistance of counsel. The reality is that Applicant absolutely produced evidence which, if true, showed that trial counsel did "act unreasonably." The reality is also that the *habeas* court simply and summarily rejected the allegations.

Finding 17 states that the sexual images admitted at trial corroborated the Complainant's account, but does not explain this finding. As there were no images depicting Applicant and the Complainant in any sexual manner or using any device, Applicant asserts the finding is unsupported. Without proof of ownership, a disputed factual issue, there is no corroboration. Even if every act was committed, the commission does not show ownership of the sexual devices.

Findings 18 and 19 are irrelevant because they do not seek to resolve the issue of fact, that being <u>why</u> counsel failed to object to the pornography, admittedly legal, found on the computer. Also, the findings are incomplete, and therefore irrelevant, because they do not show who owned the sexual items which Applicant claimed

in the *habeas* corpus application, and to this day claims were owned by the Complainant.

Lastly, Findings 18 and 19 are based, to some degree, on the assumption that counsel was faced, in deciding whether to object to certain items not tied to Applicant, with a so-called "either or choice." Counsel's opinion that he could better counter certain evidence by arguing in no manner obviates the need for the objection to the pornography and it in no manner excuses the failure. Counsel should have done both, and his unexamined assertion that he made a choice, and the Court's findings based on that assertion, demonstrates an unreasonable choice *per se,* because it was a choice which did not have to be made. In admitting to making an unnecessary choice, counsel has admitted to deficient conduct. Applicant objects to any other finding.

Finding 18, that counsel did not choose to request a limiting instruction, fails to address the fact that such a request would have been without foundation since counsel failed to object to the motion picture evidence. Findings 18 and 19 fail to address the fact that counsel couldn't request the limiting charge because of his earlier unreasonable choice which did not have to be made,

6

and in that failure, are incomplete. The factual assertion of ineffective assistance of counsel, addressed in these findings, is unresolved except as to it being admitted.

## C

Findings 20 through 23 address an allegation of ineffective assistance of counsel regarding a decision to request an election by the State. The findings, including a recognition that such a request is generally thought of as a matter of trial strategy, are based entirely on the untested affidavit of trial counsel who was not subjected to any examination regarding his assertions.

Applicant alleged that the failure to request such an election was an instance of deficient conduct and any examination into that failure must include a component of whether, if a choice was made, that choice was unreasonable. In this failure, the *habeas* court's findings are incomplete and, once again, merely accepting of counsel's assertion without any type of examination.

## D

Findings 24 through 29 address the claim that counsel was ineffective because he failed to request an instruction on the lesser included offense of sexual assault. The findings seem to rely on

counsel's assertion that Applicant denied any offense whatsoever and a belief that Applicant's denial of any sexual assault whatsoever made such an instruction inappropriate. However, Findings 24 through 29 fail to address the factual allegations made, specifically that the testimony of the Complainant failed to show any threat of imminent harm, that the Complainant was never placed in fear of serious bodily injury or that she was compelled into sexual activity of any sort by any such threats. As such, the contention was that the evidence from the Complainant raised the issue of sexual assault and that counsel was deficient in failing to rely on that evidence. Whether or not Applicant denied any offense whatsoever is irrelevant to the question presented, which is whether counsel acted deficiently in failing to request an instruction that was supported by the evidence. The same is true as to any finding based on that denial.

Findings 24 through 29 demonstrate, once again, how reliance on untested affidavits of a self serving nature can lead the court into incomplete, irrelevant and unsupported findings. That Applicant denied any offense whatsoever in no manner prohibited counsel from seeking, and obtaining, a charge on the lesser

8

included offense of sexual assault. Findings 24 through 29 do nothing to resolve the issue presented and, at best, avoid the issue.

E

In Findings 30 through 33, the *habeas* court addresses an allegation of ineffective assistance of counsel for failing to seek limiting instructions regarding evidence of extraneous bad conduct, but, once again, accepts without any type of cross examination or other testing procedure, the self serving statements of counsel. Counsel states, in his affidavit, that he did not wish to draw additional attention to the evidence since he had dealt with the allegations with medical, photographic and character evidence. A decision by which counsel allowed evidence subject to limited usage to be used without limitation in an effort to cause the jury to not consider that evidence is patently ludicrous and *per se* unreasonable.

Finding 33 is that Applicant has adduced no evidence that this strategic choice was unreasonable and unsupported. The finding is especially unsupportable because the *habeas* court afforded no forum by which counsel's tale could be tested.

9

Acceptance of counsel's excuse for his failure to protect his client from unlimited use of evidence which could and should have been properly limited without an examination of the bases for counsel's belief is not a proper resolution, as it does not demonstrate that the failure was reasonable. Findings 30 through 33 do nothing to resolve the fact issue alleged, that counsel's actions were deficient and, if the product of choice, a choice which was an unreasonable strategy, because they do not address the issue.

F

Findings 34 through 40 relate to the allegation of ineffective assistance of counsel for his failure to object during voir dire to the efforts of the State to place evidence regarding issues at trial before the venire. Such findings are incomplete, as they do nothing but accept counsel's excuses for his admitted failure. Counsel's reasoning for his failure relies on shibboleths which hold that lawyers who object too often can make a jury angry at the objecting party. Such reasoning is only anecdotally supported, if at all, yet the *habeas* court accepted that reasoning, without subjecting trial counsel's statements to any scrutiny. The Court

finds, in Finding Number 37, that counsel discussed objections with the venire, but this finding is completely irrelevant to the question of why counsel, during voir dire, didn't object to the State's conduct.

There is no evidence that the *habeas* court, or any other court, has ever actually seen anything supporting the idea that juries will be angry with lawyers who object. Thus, the *habeas* court should have considered how this "fact," and the reliance upon it by counsel, was or was not reasonable. Instead, the Court's findings fail to consider any evidence except counsel's superstitions and, in so doing, failed to fully and fairly resolve the factual issue raised.

G

Each of the Findings numbered 8 through 44 is completely reliant upon the affidavit of trial counsel who, having been alleged to have acted deficiently, provided an affidavit. No attempt was made to examine counsel as to the accuracy of the assertions within the affidavit, or any of the "facts" upon which counsel relied in making the decisions the trial court to be the product of strategy in Finding 41. The assertions within trial counsel's

affidavit are unsupported in many instances and do not resolve the issues presented. As such, the findings based thereon are without support.

II

## **Findings Related to Applicant's Second Ground for Relief**

The *habeas* court addresses Applicant's second allegation, that evidence was planted in his home by persons known to the State, in Findings 45 through 89. Findings 45 through 49 recite historical facts and are not objectionable. Findings 50 through 56 hold essentially, that the Complainant denied the allegation of complicity in a conspiracy to inculpate Applicant. This denial, to be expected, created a factual dispute in need of resolution.

The findings are objectionable, because they do not resolve the factual dispute, except by accepting as true the affidavit proffered by the State, even by one accused of misdeeds within the allegation, and rejecting as untrue all of the affidavits proffered by Applicant. The same is true of Findings 57 through 64, dealing with affidavits from others who are alleged to have participated in the conspiracy against Applicant.

Findings 45 through 89 are, at their core, a recognition that a factual dispute exists and that only by avoiding the dispute and accepting the State's evidence as true, can resolution be had without resort to traditional truth finding methods prevalent in the law, examination and cross examination. Unlike the *habeas* court's determination of credibility of attorneys, both representing the State and Applicant at trial, the credibility choices underlying rejection of Applicant's allegation with regard to the Complainant, her friend and her son, have no bases in the long association of the witness with the legal system and are, therefore, unsupported and arbitrary.

Findings 65 through 80 involve credibility choices regarding the State's employees, accused of impropriety. Applicant objects to these findings because they are based on an assumption that all State's employees will tell the "truth and only the truth," which creates an almost insurmountable burden. This assumption, and the findings based upon it, are not founded on any examination and cross examination of the witnesses.

Findings 65 through 80, that those accused of participating in the conspiracy against Applicant, denied it and can be believed,

13

is not the product of searching inquiry but, rather, assumptions as to who will and who will not tell the truth. Applicant objects to this incomplete resolution.

III

## **Findings Related to Applicant's Third Ground for Relief**

Applicant objects to Findings 97 through 112 generally because, once again, the findings are based on credibility choices made without resort to in-person assessment of that credibility through examination and cross examination. Certainly the Complainant denied the allegations made by Applicant's witness. The trial court rejects Applicant's witness' credibility only because the Complainant stated he was not telling the truth instead of recognizing that Mohammad R. Manteghinezad's statement (Exhibit "A," Supplemental Memorandum), and the Complainant's denial, only served to create factual issues which required actual adversarial fact finding.

The assistant district attorneys who dealt with Manteghinezad cannot and do not refute his statements. The *habeas* court's selection of who to believe and who to disbelieve, without in-

14

person examination and cross examination, is arbitrary and without support, and should be rejected.

Applicant specifically objects to Findings 104 through 107 because they are irrelevant and the product of speculation on the part of the *habeas* court. Applicant would point out that the provenance of none of the affidavits procured by the State were questioned by the *habeas* court, even those submitted by people whose English was not that of a native speaker.

## Conclusion

Applicant alleged facts which, if true, would entitle him to *habeas corpus* relief, and he should have been provided with an opportunity to prove those allegations. The *habeas* court's findings are not supported by the facts or the law, and only serve to demonstrate the need for an evidentiary hearing.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Applicant, Shahram Shakouri, respectfully prays that the *habeas* court will withdraw its findings of fact, and instead find that Applicant has alleged facts and provided evidentiary support for those allegations, and that there exist controverted, previously

15

unresolved facts material to the legality of the applicant's confinement," and that Applicant is entitled him to have the opportunity to prove his allegations in an evidentiary hearing.

Respectfully submitted:

**John G. Jasuta**
Attorney at Law
State Bar No. 10592300
lawyer1@johnjasuta.com

**David A. Schulman**
Attorney at Law
State Bar No. 17833400
zdrdavida@davischulman.com

1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Applicant

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 2,746 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 15, 2015, a true and correct copy of the above and foregoing "Applicant's Objections to the *Habeas Court*'s Findings of Fact and Recommendation" was transmitted electronically to John Rolater (jrolater@co.collin.tx.us), attorney of record for the State of Texas.

_____
**John G. Jasuta**

17